NBD BANK, an Illinois banking corporation, Plaintiff–Appellant and Cross–Appellee,

v.

STANDARD BANK AND TRUST CO., an Illinois banking corporation, Defendant–Appellee and Cross–Appellant.

Nos. 94–3409, 94–3603.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1995.

Decided March 11, 1996.

Robert P. Hurlbert (argued), Daniel J. Sheridan, Louis Theros, Dickinson, Wright, Moon, Van Dusen & Freeman, Chicago, IL, for plaintiff-appellant.

Francis D. Morrissey, Michael A. Pollard (argued), Richard M. Franklin, Thomas F. Bridgman, Baker & McKenzie, Chicago, IL.

James B. Carroll, Paul D. Lynch, Jr., Evergreen Park, IL, for defendant-appellee.

Before CUDAHY, ESCHBACH, and COFFEY, Circuit Judges.

ESCHBACH, Circuit Judge.

Both parties, NBD Bank and Standard Bank and Trust Co. ("Standard Bank"), appeal from the district court's dismissal of NBD Bank's Amended Complaint and Standard Bank's counterclaims for lack of subject matter jurisdiction under the Expedited Funds Availability Act ("EFAA"), 12 U.S.C. §§ 4001–4010. In light of the Supreme Court's decision in *Bank One Chicago, N.A. v. Midwest Bank & Trust Co.,* — U.S. —, 116 S.Ct. 637, 133 L.Ed.2d 635 (1996), we now reverse and remand.

I.

The parties are the victim of a check-kiting scheme by an individual with access to accounts maintained at both NBD Bank and Standard Bank. On November 18, 1993, the individual presented to NBD Bank for deposit into accounts maintained at NBD Bank checks totalling $3,997,406.75 drawn upon various accounts maintained at Standard Bank. The individual also deposited in customer accounts at Standard Bank checks totalling $4,025,000 drawn on customer accounts maintained at NBD Bank. The next day, NBD Bank presented these checks for payment to Standard Bank through Standard Bank's clearing bank, LaSalle National Bank, and NBD Bank was provisionally credited with these amounts, while Standard Bank went through the same procedure in the reverse and was provisionally credited with the amounts it claimed as well. Upon discovering the fraud, NBD Bank dishonored the $4,025,000 in checks presented to it and caused them to be returned to Standard Bank before midnight on November 22, the next business day. Standard Bank, upon receiving NBD Bank's notice, similarly dishonored $3,785,441.35 of the amount from the checks presented to it by NBD Bank and caused them to be returned to NBD Bank at or before 4:00 p.m. on November 23.

Since the individual responsible for the fraudulent scheme is apparently judgment-proof, the question is which bank should bear the loss. NBD Bank filed this action seeking a declaratory judgment under 28 U.S.C. § 2201 that it was entitled to retain the $3,785,441.35 in funds credited to it since Standard Bank failed to dishonor the checks within the midnight deadline imposed by Uniform Commercial Code § 4-302. 810 ILCS 54-302. Standard Bank counterclaimed for the return of the money, arguing that Federal Reserve Regulation CC, 12 C.F.R. § 229.38(g), promulgated pursuant to the EFAA, extended the midnight deadline through 4:00 p.m. the following day. In response, NBD Bank amended its complaint to add a claim for breach of warranties under Regulation CC, 12 C.F.R. § 229.34 and 12 C.F.R. § 229.38.

During the pendency of the case before the district court, this court issued an opinion in *First Illinois Bank & Trust v. Midwest Bank & Trust Co.,* 30 F.3d 64, 65 (7th Cir. 1994), holding that federal courts do not have jurisdiction to resolve disputes between depository institutions under the EFAA. After the denial of rehearing en banc in First Illinois, the district court dismissed this action for lack of subject matter jurisdiction. The parties both filed timely notices of appeal, arguing before this court that the *First Illinois* decision was erroneous and should not have formed the basis for the district court's dismissal of their claims. *In Bank One Chicago, N.A. v. Midwest Bank & Trust Co.,* — U.S. —, 116 S.Ct. 637, 133 L.Ed.2d 635 (1996), the Supreme Court has agreed, reversing our decision in First Illinois and holding that the EFAA provides for federal court jurisdiction in suits between depository institutions. Thus, we REVERSE and REMAND for further proceedings consistent with the Court's opinion.